FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 21  AM 7:34

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RICHARD BREAUX, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 04-1693 |
| VINTAGE PETROLEUM, INC. | * | SECTION "L"(5) |

## ORDER AND REASONS

Before the Court is the Request for Award of Attorneys' Fees, Costs and Expenses of Intervenors, Sean D. Alfortish, the Law Office of Sean D. Alfortish, APLC, Beevers and Beevers LLP, and Wiley J. Beevers (collectively, "Intervenors"). This motion came on for hearing with oral argument before the Court on Thursday, November 17, 2005 at 9:00 a.m. For the following reasons, the Intervenors' motion is hereby GRANTED IN PART.

### I. Factual and Procedural Background

This case arises from an incident that occurred on December 21, 2003. Plaintiffs Richard and Wayne Breaux claim that on that date they were traveling in a 20-foot aluminum boat, owned by Richard Breaux and operated by Wayne Breaux. Plaintiffs were traveling in the Exxon Canals and struck an underground and unmarked utility line which they believed was owned and operated by the Defendant, Vintage Petroleum. Plaintiffs believed that Defendant owned the line because a Vintage pipeline sign was located adjacent to the area of the alleged impact. As a result of the alleged incident, Richard Breaux claimed physical damage to his boat and Wayne Breaux claimed personal injury.

Plaintiffs employed attorneys Sean D. Alfortish and Wiley J. Beevers to represent them,

and the case proceeded through the discovery phase. Eventually, a settlement agreement was reached at a settlement conference with Magistrate Judge Chasez. Plaintiffs Richard and Wayne Breaux both agreed to the settlement of $80,000 on the record in open court. However, they refused to accept the proceeds and execute the settlement documents. On June 20, 2005, Defendant Vintage Petroleum filed a Motion to Enforce Settlement.

On August 17, 2005, the Court heard oral argument on the motion. The Court required the Plaintiffs to execute the settlement documents, and Vintage deposited $80,000 into the registry of the Court. In addition, Plaintiffs' counsel, Mr. Alfortish and Mr. Beevers, filed a Motion to Withdraw as Counsel of Record, stating that there were differences of opinion between counsel and Plaintiffs over whether the settlement should be accepted. Plaintiffs' counsel also filed a Motion to Intervene in order to receive their attorney's fees, and the Court granted both the Motion to Withdraw and the Motion to Intervene. The Court set a hearing date to determine how the $80,000 should be distributed between Plaintiffs and their former counsel. That date was continued to November 17 due to Hurricane Katrina.

## II.     Request for Attorneys' Fees, Costs and Expenses

Plaintiffs, now pro se, ask this Court to review and modify their agreement with Intervenors regarding fees and costs because Plaintiffs argue that the agreement is unreasonable. Intervenors argue, however, that the costs are reasonable by community standards, and that Plaintiffs were fully aware of all expenses incurred in this case. The Court shall address the merits of both of these arguments.

Contingent fee contracts are often used in civil cases, but "the right to contract for a contingent fee has never been thought to be unrestrained." *Cappel v. Adams*, 434 F.2d 1278,

1280 (5th Cir. 1970). In general, it is within the district court's role to supervise contracts for legal services. *Karim v. Finch Shipping Co., Ltd.*, 374 F.3d 302, 312 (5th Cir. 2004). Particularly when an attorney petitions the district court for approval of a settlement and for distribution of fees, as in this case, district courts enjoy broad equitable jurisdiction to review and modify contingent fee agreements that are potentially excessive or unfair to an attorney's clients. *Toon v. Wackenhut Corrections Corp.*, 250 F.3d 950, 954 (5th Cir. 2001); *Hoffert v. General Motors Corp.*, 656 F.2d 161, 165 (5th Cir. 1981); *Cappel*, 434 F.2d at 1280.

Because the Retainer Agreement between counsel and Plaintiffs was executed in Louisiana, the Agreement is governed by the Louisiana Rules of Professional Conduct. Rule 1.5(c) of those rules permits contingent fee agreements when they are in writing, state the method of computation of the fee, and state whether costs and expenses are deducted from the attorney's fee or from the client's recovery. In addition, after a judgment or settlement, an attorney must provide his or her client with a written statement showing the costs, expenses and fees. Rule 1.5(c) of the Louisiana Rules of Professional Conduct. Moreover, like other fee arrangements, contingent fee agreements are subject to Rule 1.5(a)'s standard of reasonableness, which borrows from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). Rule 1.5(a) states that when evaluating an attorney's fee, a court should take into account the time and labor required; the novelty and difficulty of the questions involved; the skill requisite to perform the legal service properly; the likelihood that the plaintiff's case will preclude the attorney from litigating other cases; the fee customarily charged in the locality for similar services; the amount involved and the result obtained; the time limitations imposed by the client or by the circumstances; the nature and length of the professional relationship with the client; the

experience, reputation and ability of the attorney; and whether the fee is fixed or contingent. Rule 1.5(a) of the Louisiana Rules of Professional Conduct.

Intervenors have attached to their motion a copy of their Retainer Agreement, which was signed by the Plaintiffs. The Agreement on page 1 provides that, in the event a lawsuit is filed, Intervenors would "receive as compensation for services Forty (40%) percent of gross amount collected." In addition, on the same page, the Agreement states that the Plaintiffs are responsible for court costs and expenses, and that any costs advanced by the Intervenors would be deducted from any settlement or judgment, after attorneys' fees are deducted.

Plaintiffs challenge the Intervenors' Retainer Agreement and fee request on a number of grounds. First, they argue that the Agreement offered by Intervenors is not the agreement signed by the Plaintiffs. However, Plaintiffs do not state how the agreement that they signed differs from the one offered by Intervenors on the issue of fees and costs. The Court finds that the contract entered into the record by Intervenors is an accurate copy of the agreement between Plaintiffs and Intervenors.

Second, Plaintiffs argue that the costs charged by Intervenors are patently unreasonable. The two main costs contested by Plaintiffs are the costs of a pipeline consultant, William Kircher, at a total of $18,756.17 (Intervenors' Exhibit 3), and a survey of the area where the accident occurred, performed by Morris Hebert, at a total of $5,018.43 (Plaintiffs' Exhibit 3). In preparation for this hearing, Plaintiffs obtained estimates from three local surveying companies for a similar survey, and received quotes ranging from $750 to $1,400. However, these estimates are somewhat ambiguous, as they may not represent the actual costs of conducting a survey. For example, the estimate of Dufrene Surveying & Engineering Inc. explicitly states that the costs of

4

labor are not included in the estimate. Moreover, regarding the pipeline consultant, Mr. Kircher, Intervenors discounted the $18,756.17 bill to the Plaintiffs, and at one point charged the Plaintiffs as little as $11,500 for the consultant's work. (Plaintiffs' Exhibit 7). The Court finds that the expert costs charged to Plaintiffs as reflected in the Settlement Accounting submitted as Plaintiffs' Exhibit 7 are not unreasonable. In that Settlement Accounting, Intervenors charge Plaintiffs $11,500 for William Kircher's work, and $5,018.43 for Morris Hebert's work.

Finally, Plaintiffs challenge the Retainer Agreement as unfair in that their attorneys would receive a majority of the $80,000 settlement because of the 40% contingent fee and Intervenors' costs and expenses. The Court finds that a reduction of the Intervenors' fees is appropriate in order to ensure that Plaintiffs receive an adequate recovery. In the Settlement Accounting submitted as Plaintiffs' Exhibit 7, Intervenors sought to recover a reduced fee of 33.3%, for a total fee of $24,734.24. The Court finds that this amount represents a reasonable fee, given that this case did not go to trial and did not present novel legal issues. However, the Intervenors should be adequately compensated for their significant pretrial discovery and the generous settlement they obtained for the Plaintiffs. Moreover, given the history between Richard Breaux and one of the Intervenors, the Court recognizes the repeated efforts made by Intervenors to reach an amicable agreement on this issue.

### III. Conclusion

Accordingly, Intervenors' Request for Award of Attorneys' Fees, Costs and Expenses is hereby GRANTED IN PART. IT IS ORDERED that the settlement funds of $80,000 held in the registry of the Court shall be distributed to Intervenors and Plaintiffs as follows:

| | |
|---|---|
| Settlement Proceeds for Wayne Breaux | $77,575.64 |
| Less Attorney's Fees of 33.3% | - $24,734.24 |
| Less Expenses of Intervenors | - $17,841.40 |
| **Total to Wayne Breaux** | **$35,000.00** |
| **Total to Intervenors** | **$42,575.64** |
| Settlement Proceeds for Richard Breaux | $ 2,424.36 |
| Attorneys' Fees Waived | - $     0.00 |
| **Total to Richard Breaux** | **$ 2,424.36** |

IT IS FURTHER ORDERED that the interest accruing upon the settlement proceeds while held in the registry of the Court shall be divided proportionately between Plaintiffs and Intervenors, less the assessment fee required by the government.

IT IS FURTHER ORDERED that the Retainer Agreement submitted by Intervenors and attached to this Order and Reasons be entered into the record of this proceeding.

IT IS FURTHER ORDERED that Plaintiffs shall receive a copy of this Order and Reasons via fax, at fax number (504) 341-8425.

New Orleans, Louisiana, this 18 day of November, 2005.

_____
UNITED STATES DISTRICT JUDGE

cc: Financial Section

## RETAINER AGREEMENT
## (CONTINGENCY FEE)

This agreement is made and entered into by and between _Richard Beraux & Wayne Beraux_ hereinafter referred to as "Client" and Beevers & Beevers, L.L.P. hereinafter referred to as "Attorney".

WHEREAS the said Client has a claim arising out of _Vessel striking a pipeline on 12-21-03_ . AND WHEREAS, Client desires the services of Attorney to represent the Client in the said claim specified above. Attorney is authorized to effect a settlement or compromise of client's claim, or to initiate legal action(s) as may be advisable in attorney's judgment to enforce client's rights.

Client does hereby retain Attorney for these purposes, and Attorney hereby agrees to render the services required in the premises upon the following terms and conditions, to wit:

1. In the event that the Attorney is able to effect a settlement of the herein claim(s) without the necessity of filing suit upon the herein claim(s), Attorney is to receive as compensation for services Thirty-three and one-third (33 1/3%) percent of gross amount collected. Or attorney is entitled to receive any fees set by a court, tribunal, or administrative officer.

2. In the event that a suit is filed upon the herein claim(s), Attorney is to receive as compensation for services Forty (40%) percent of gross amount collected. Or attorney is entitled to receive any fees set by a court, tribunal, or administrative officer.

3. In the event that an appeal is necessary upon the herein claim(s), Attorney is to receive as compensation for services Fifty (50%) percent of gross amount collected. Or attorney is entitled to receive any fees set by a court, tribunal, or administrative officer.

4. If a structured settlement is reached by consent of the parties, the attorney's fees shall be the appropriate percent as outlined above based on the present value of the structured settlement and such fee shall be payable from the cash portion of the structured settlement.

5. Expenses and court costs are the responsibility of the Client. Said costs and expenses are to be advanced promptly upon request of Attorney, and the failure of the Client to do so shall constitute said Client's release of said Attorney from any and all responsibility should the Client's claim or claims be lost or impaired as a result of the Client's failure to advance the costs of expenses when requested on behalf of the claim or claims of the said Client. Attorney may, but is not required to, advance costs and expenses. Should attorney do so, attorney shall be reimbursed any costs and expenses advanced from any settlement or judgment, after attorney fees are deducted.

1

Exhibit A

6. If the claim ( or workmen's compensation benefi only, the fee will be set in accordance with the fee schedules fixed by State or Federal law.

7. When settlement funds are received, the attorney fees will be deducted from the gross amount, then any unreimbursed costs and expenses of the attorneys will be deducted, then any liens and unpaid expenses, including medical expenses will be deducted. The net amount will be distributed to client, and a disbursal sheet provided indicating the breakdown and payment of any settlement.

IT IS UNDERSTOOD AND AGREED between the parties hereto that this agreement is intended to and does hereby assign, transfer, and set over, and deliver unto the said Attorney as the fee for the representation of the Client in the said claim(s), an interest in the said claim or claim(s) under terms and conditions aforesaid in and accordance with the provisions of Louisiana law.

IT IS FURTHER UNDERSTOOD AND AGREED between the parties that Attorney can consult with and/or employ additional attorneys to assist in this matter; however such action will not modify the fee schedule set out above.

IT IS FURTHER UNDERSTOOD AND AGREED that although attorney may offer an opinion about possible results regarding the subject matter of this agreement, attorney cannot guarantee any particular result. Client acknowledges that attorney has made no promises about the outcome and that any opinion offered by attorney in the future will not constitute a guaranty.

IT IS FURTHER UNDERSTOOD AND AGREED between the parties that neither the Attorney nor the Client may, without the consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim.

IT IS FURTHER UNDERSTOOD AND AGREED that the only representation of the Client is for the above indicated services. Any additional services or representation for other causes of actions must be negotiated under a separate retainer agreement.

IT IS FURTHER UNDERSTOOD AND AGREED between the parties that the Client shall regularly keep Attorney advised of his or her whereabouts and keep in regular communication with said attorney; and in the event that he or she does not do so, said Client does hereby relieve and release said Attorney from any and all responsibility should the Client's claim be lost or impaired as a result of the Client's failure to comply with the provisions of this paragraph. Under such circumstances, Client does hereby authorize Attorney to withdraw from this representation with written notice to the said Client, at the Client's last known address. At his discretion, Attorney has the right to withdraw from Client's case if Client has misrepresented or failed to

2

disclose material facts to Attorney, if Client fails to follow Attorney's advice, or for any other reason. Likewise, Client may discharge Attorney at any time for any reason. Client will be required to pay for time and expenses incurred, and shall also pay for any time and expenses necessary to turn over copies of the file(s) and other information to Client, and/or to substitute counsel.

IT IS FURTHER UNDERSTOOD AND AGREED between the parties that should any dispute arise concerning the services provided by the Attorney, or the interpretation of or enforcement of any provision(s) of this agreement, that the proper venue and jurisdiction for any dispute is the Parish of Jefferson, State of Louisiana.

IT IS FURTHER UNDERSTOOD AND AGREED between the parties that if the Client has been represented by another attorney(s) for this same matter that the Client has fully discharged the other attorney(s), and Client is responsible for any and all charges incurred by the other attorney(s).

SIGNED at Gretna, Louisiana, on this 19th day of Feb, 2004.

_____
Client

_____
Client

Accepted:

_____
Attorney

I have received a copy of this agreement on this date.

_____
Client

(9/98)

3